# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 51684-5-II |
| MERT CEM CELEBISOY, | |
| Petitioner. | UNPUBLISHED OPINION |

CRUSER, J. – Mert Cem Celebisoy seeks relief from his 2004 sentence following his conviction for a first degree murder that he committed when he was 21 years old. In this personal restraint petition (PRP),[1] Celebisoy argues that he is entitled to resentencing because the sentencing court did not consider mitigating qualities of youth. This PRP is dismissed as time barred.[2]

## FACTS

In 2004, a jury found Celebisoy guilty of first degree murder. Celebisoy committed this crime when he was 21 years old. In March 2004, the trial court sentenced Celebisoy to a standard-range sentence.

---

[1] This is Celebisoy's third PRP. *See* Ord. Dismissing Pet., *In re Pers. Restraint of Celebisoy*, No. 36698-3-II (Wash. Ct. App. May 13, 2008); Ord. Dismissing Pet., *In re Pers. Restraint of Celebisoy*, No. 49223-7-II (Wash. Ct. App. Jan. 18, 2017). This court dismissed Celebisoy's fourth PRP in September 2019. Ord. Dismissing Pet., *In re Pers. Restraint of Celebisoy*, No. 53244-1-II (Wash. Ct. App. Sept. 5, 2019). None of these PRPs address the issue raised in this PRP.

[2] Although this PRP is also successive, we dismiss it rather than transfer it to our supreme court because it is time barred. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 87, 74 P.3d 1194 (2003).

No. 51684-5-II

We affirmed the conviction in an unpublished opinion. *State v. Celebisoy*, noted at 131 Wn. App. 1003, 2006 WL 14519 at \*16 (2006). This appeal mandated in October 2006.

Celebisoy filed this PRP on November 27, 2017.[3]

ANALYSIS

Generally, "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Because Celebisoy filed this PRP in 2017, well over one year after his judgment and sentence became final when his direct appeal mandated in 2006, we must first address whether this PRP is subject to the one-year time bar. RCW 10.73.090(1), (3)(b).

To overcome the time bar, Celebisoy must show that his judgment and sentence is facially invalid or not "rendered by a court of competent jurisdiction" or that his claim falls under an exception to the time bar contained in RCW 10.73.100. RCW 10.73.090(1). Celebisoy does not contend that his judgment and sentence is facially invalid or that it was not rendered by a court of competent jurisdiction. Instead, he argues that his claim falls under (1) RCW 10.73.100(1), the newly discovered evidence time-bar exception, and (2) RCW 10.73.100(6), the significant change in the law time-bar exception.

I.     RCW 10.73.100(1)

Celebisoy argues that this PRP is not time barred "because [his claim] is based on newly-discovered evidence demonstrating the neurological development of a 21-year-old is legally

---

[3] Celebisoy filed this PRP and a supplemental memorandum of authorities and argument in support of the PRP as a CrR 7.8 motion in the trial court. The trial court transferred the CrR 7.8 motion to this court for consideration by this court under CrR 7.8(c)(2).

indistinguishable from a literal juvenile in terms of culpability." Suppl. Br. at 12. This argument fails.

To establish the newly discovered evidence time-bar exception, Celebisoy must present evidence that could not have been discovered before his sentencing by the exercise of due diligence. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 13, 513 P.3d 769 (2022). In *Kennedy*, our supreme court recognized that the "research and relevant understanding about the neurodevelopment of those above the age of 18 existed as early as 2003," a year before Celebisoy's sentencing. *Id.* at 18. Because this evidence was available to Celebisoy prior to his sentencing, he cannot establish that the newly discovered evidence time-bar exception applies.

Celebisoy also argues that the science in existence at the time of his sentencing would not have permitted him to make a convincing argument "that his still maturing brain reduced his culpability" and that subsequent studies would have better supported such an argument. Suppl. Br. at 14. But our supreme court has rejected a nearly identical argument in *Kennedy*. *Kennedy*, 200 Wn.2d at 18-19 (rejecting Kennedy's argument that "recent neuroscientific evidence . . . would have allowed him to make a stronger argument for a mitigated sentence and, in that way, would probably have changed the court's discretionary sentencing decision."). And Celebisoy relies on the same 2004 article that was addressed in *Kennedy* for his assertion that the neuroscientific evidence that existed around the time of his sentencing was not yet well developed. *See id.* at 15-16. Under *Kennedy*, this argument fails. Although Celebisoy disagrees with *Kennedy*, "[w]e are bound to follow our Supreme Court's precedents and have no authority to abolish them." *Gorman v. Pierce County*, 176 Wn. App. 63, 76, 307 P.3d 795 (2013).

## II.    RCW 10.73.100(6)

Celebisoy further argues that this PRP was not time barred because *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), is a significant, material, retroactive change in the law. But our supreme court has held that *O'Dell* is not a significant change in the law. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 334-38, 422 P.3d 444 (2018).

Celebisoy also argues that this PRP is not time barred because *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), and *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), establish a significant, material, retroactive change in the law. But *Houston-Sconiers* is not material to Celebisoy's claim because it applies only to juvenile offenders and Celebisoy was not a juvenile offender. *Kennedy*, 200 Wn.2d at 23 n.5. And *Monschke* is not material to Celebisoy's claim because it applies only to mandatory life sentences, and it only applies to 18-, 19-, and 20-year-olds, and Celebisoy received a discretionary sentence of less than life and he was 21 years old at the time of his crime. *Id.* at 23 n.5, 24; *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 83-84, 514 P.3d 653 (2022).[4] Accordingly, Celebisoy does not demonstrate that the significant change in the law time-bar exception applies.

Because Celebisoy does not establish that his PRP is subject to any time-bar exception, it is untimely. Accordingly, this PRP is dismissed.

---

[4] Although Celebisoy disagrees with *Kennedy* and *Davis* and asserts that they were wrongly decided, as previously noted, "[w]e are bound to follow our Supreme Court's precedents and have no authority to abolish them." *Gorman*, 176 Wn. App. at 76.

No. 51684-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, C.J.

CHE, J.